FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG -6 P 4:31
CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL ORTIZ, | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV513-044 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR511-10) |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Victor Ortiz ("Ortiz"), who is currently housed at the Federal Corrections Camp in Yazoo City, Mississippi, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss, and Ortiz filed a Response. For the reasons which follow, the Government's Motion should be **GRANTED**, and Ortiz's motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Ortiz was convicted in this Court after pleading guilty to possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). The Honorable Lisa Godbey Wood sentenced Ortiz to 70 months' imprisonment. Ortiz did not file an appeal.

In his motion, Ortiz contends that his trial counsel provided ineffective assistance because counsel failed to inform the Court that, as part of the plea agreement, Ortiz's federal sentence was to run concurrently with his undischarged Georgia sentence.

The Government asserts that Ortiz's plea agreement contained a waiver provision. The Government also asserts that this waiver contained language which caused Ortiz to forego his right to attack his sentence collaterally, even on an ineffective assistance ground.

## DISCUSSION AND CITATION TO AUTHORITY

The Government contends that Ortiz knowingly and voluntarily agreed to the waiver provision contained in his plea agreement, and the waiver is enforceable against him. Thus, the Government asserts, Ortiz cannot proceed with his section 2255 motion.

It is well-settled that a waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). The fact that a petitioner attempts to challenge his sentence under the guise of an ineffective assistance of counsel claim does not change this result. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from

---

[1] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D.Ga. 2004).

2

attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.") (citations omitted).

Ortiz and his attorney, Michael Gowen, negotiated a plea agreement with the Government, and Ortiz agreed to plead guilty to a lesser-included offense. A "Limited Waiver of Appeal" also was included as part of this plea agreement. This section provided:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a [28 U.S.C.] § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the government's right to appeal, but if the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(CR511-10, Doc. No. 59, p. 5). In addition, one of the representations Ortiz made to the Court as part of this plea agreement was that the agreement was not the "result of any . . . promises apart from the aforesaid Plea Agreement." (Id. at p. 8).

Ortiz appeared before the Honorable Lisa Godbey Wood for his Change of Plea, or Rule 11, hearing. Judge Wood asked Ortiz if he understood what it meant to plead guilty, the rights he was waiving by pleading guilty, whether he was entering into the plea agreement knowingly and voluntarily, and to which charge he was pleading guilty. (CR511-10, Doc. No. 84, pp. 8—12). Judge Wood informed Ortiz of the maximum penalty he faced as to the charge to which he was pleading guilty. Specifically, Judge Wood informed Ortiz that:

> Now the maximum possibility(sic) penalty that could be imposed for a violation of that offense, upon a first conviction, is imprisonment for not more than twenty years, a fine of not more than $1 million, supervised release of at least three years, and a mandatory special assessment of $100.
>
> [Discussion among Judge Wood, Assistant United States Attorney Jeffrey Buerstatte, and a probation officer whether this would be Ortiz's first conviction under the statute.]
>
> So again, just to be clear, the maximum penalty that I would ever impose is imprisonment for not more than twenty years, a fine of not more than $1 million, supervised release of at least three years, and a mandatory special assessment of $100.
>
> Do you understand that is the maximum possibly(sic) penalty?

(Id. at pp. 13—14). Ortiz stated that he understood. Judge Wood also informed Ortiz that the advisory Sentencing Guidelines provide for a range for his sentence, and these Guidelines allow for certain factors, such as Ortiz's underlying conduct, criminal history, and acceptance of responsibility. Ortiz indicated his understanding of all of these matters. (Id. at pp. 14—15). Judge Wood inquired whether anybody had promised him an exact sentence, and Ortiz said no one had. (Id. at pp. 15—16). Judge Wood advised Ortiz, "That is good because that would be inappropriate. At this point all anybody can do is give you their best estimate of what your sentence might be. That estimate would, in no way, be binding upon the Court." (Id. at p. 16).

Additionally, Judge Wood asked the prosecuting Assistant United States Attorney ("AUSA") to set forth the terms of the plea agreement in open court. AUSA Jeffrey Buerstatte stated:

> The Government agrees to inform the Court of the degree of Defendant's cooperation, and if the Government deems the Defendant to have provided substantial assistance, to recommend a downward departure pursuant to § 5K1.1 of the sentencing guidelines and Title 18[,] United

4

States Code § 3553(e), or for a reduced sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

The Government agrees not to oppose a reduction in sentence for acceptance of responsibility, provided the Defendant admit the offense of conviction, . . . and has not engaged in any additional criminal conduct since his arrest or initial appearance in this case.

Finally, the Government agrees to move for dismissal of Count One of the Indictment.

(Id. at pp. 16—17). AUSA Buerstatte described the limited appeal waiver as:

And he waives his right to file a direct appeal or collateral attack of the conviction or sentence, while reserving the right to file an appeal if the sentence is greater than the statutory maximum or higher than the applicable sentencing guideline range as determined by the Court. If the Government appeals, the Defendant may also file a direct appeal.

(Id. at pp. 17—18).

Judge Wood then addressed Ortiz about his understanding of the plea agreement.

> THE COURT: Mr. Ortiz, is [what AUSA Buerstatte said] consistent with the agreement you signed?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Did you read it before you signed it?
>
> THE DEFENDANT: Excuse me?
>
> THE COURT: Did you read the agreement before you signed it?
>
> MR. GOWEN: Your Honor, I read it to him. And he had a copy, and I had a copy.
>
> THE COURT: So you had the opportunity to discuss it with him?
>
> Did Mr. Gowen answer any questions you might have had about it before you signed it?
>
> THE DEFENDANT: Yes, ma'am.

AO 72A
(Rev. 8/82)

| | |
|---|---|
| THE COURT: | Do you have any remaining questions about it? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Other than the provisions that are contained in that agreement, has anybody made you any promises regarding the outcome of your case? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | I do want to echo what Mr. Buerstatte alluded to, and that is the agreement you proposed has a waiver of appeal provision in it. It states: To the maximum extent permitted by federal law, [you] voluntarily and expressly waive[ ] the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding. |
| | That waiver has three exceptions. You would get your direct appeal right back if one of three things were to occur. Number one, you would get a direct appeal right back if the Government were to file an appeal. Number two, you would get a direct appeal right back, if I were to sentence you above the statutory maximum. And finally, you would get a direct appeal right back if I were to sentence you above the advisory guideline range as found by me. |
| | Otherwise, by virtue of your plea agreement, you waive your rights to appeal. Do you understand that? |
| THE DEFENDANT: | Yes, ma'am. |

(Id. at pp. 18—20). Judge Wood asked Ortiz if he still wanted to plead guilty to the lesser included offense of Count Two because he was guilty of that offense, and Ortiz said he did. Judge Wood also asked Ortiz, again, whether he understood the rights and privileges he was waiving or giving up if she accepted his plea; he said he did. (Id. at p. 20). Judge Wood determined that Ortiz's plea was entered into knowingly and voluntarily. (Id. at p. 21). The Government then provided a factual basis for Ortiz's plea of guilty. (Id. at pp. 22—25). After hearing from Ortiz again, Judge Wood accepted

AO 72A
(Rev. 8/82)

Ortiz's plea and adjudged him guilty of the lesser included offense of Count Two of the Indictment. (Id. at p. 26).

The record clearly indicates that Ortiz understood the implications of entering a guilty plea, as well as the meaning of the limited waiver of appeal condition. In addition, Judge Wood specifically questioned Ortiz about this condition during the Rule 11 hearing. Mottola, 394 F. App'x at 568. Ortiz's sentence of 70 months' imprisonment, to be served consecutively to his undischarged state sentence, fell below the 84 to 105 months Guidelines range (CR511-10, Doc. No. 79, p. 2), and well below the statutory maximum of 20 years' imprisonment he potentially faced.[2] Ortiz's claims clearly fall within the limited waiver of appeal condition of his plea agreement, and he is not entitled to his requested relief. Likewise, Ortiz's assertion that his counsel was ineffective because his attorney represented that his federal sentence was to run concurrently to his undischarged state sentence does not offer Ortiz an avenue for his requested relief. Williams, 396 F.3d at 1342.

In Patel v. United States, 252 F. App'x 970 (11th Cir. 2007), the Eleventh Circuit Court of Appeals pointed to its decision in Williams and stated,

> We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing. Williams, 396 F.3d at 1342. We have not specifically reached the issue of whether a valid appeal waiver can preclude § 2255 claims based on ineffective assistance of counsel that challenge the validity of the plea or the waiver itself. In Williams, however, we noted that there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement.

---

[2] The Government moved for a reduction of sentence based on Ortiz's acceptance of responsibility. Judge Wood granted that motion. To the extent Ortiz contends that his substantial assistance to the Government was to result in his federal sentence running concurrently with his state sentence, the record before the Court belies this assertion.

7

Patel, 252 F. App'x at 974 (internal punctuation and citation omitted). In Patel, the Eleventh Circuit found that the movant's allegation that his plea was involuntary because his attorney and family members coerced him into pleading guilty could be entertained in a section 2255 motion despite a collateral attack waiver in his plea agreement. Id. at 975. However, this did not mean Patel's allegation was meritorious. The Eleventh Circuit determined that Patel's allegations that his plea was involuntary because he was coerced into pleading guilty and that his attorney promised him that he would receive a certain sentence if he pled guilty was "in direct conflict with his statements during the plea colloquy, and [Patel] has produced no evidence to challenge the veracity of his sworn testimony." Id. The Eleventh Circuit noted that, while there was a question whether his attorney promised a specific sentence, Patel did not mention any promise during the plea colloquy, and, in fact, he confirmed no one had promised him anything in exchange for his plea. The Eleventh Circuit also noted that Patel stated he: was satisfied with his counsel's performance; indicated he read, reviewed with his attorney, understood, and signed the plea agreement; and was asked whether he understood he was giving up his right to appeal and to collaterally attack his sentence. Id. Accordingly, the Eleventh Circuit rejected Patel's claim that his plea was involuntary due to ineffective assistance.

Like the movant in Patel, Ortiz's assertion of ineffective assistance is "a last-minute attempt to escape the preclusive effect of [his] appeal waiver." Id. In addition, Ortiz's conclusory assertion that his counsel represented to him that, by pleading guilty his federal sentence would run concurrently with his undischarged state sentence is contradicted by the record in this case. See Blackledge v. Allison, 431 U.S. 63, 74

AO 72A
(Rev. 8/82)

(1977) (reasoning that solemn declarations made in open court carry a strong presumption of veracity such that the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal); United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (there is a strong presumption that statements made during a plea colloquy are true). In addition, Judge Wood specifically stated during the sentencing hearing that Ortiz's 70-month sentence was "to be served consecutively to the undischarged term of state imprisonment that he is currently serving." (CR511-10, Doc. No. 85, p. 8). Ortiz voiced no objection to this judgment. (Id. at p. 11).[3]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Ortiz's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] Ortiz's contention that the Bureau of Prisons should credit him with time served is not properly before this Court. United States v. Berrio, 428 F. App'x 944, 944 (11th Cir. 2011) ("A claim concerning credit for time served . . . should be filed as a writ of habeas corpus pursuant to 28 U.S.C. § 2241[ ]" in the district of confinement after the exhaustion of administrative remedies).

AO 72A
(Rev. 8/82)